IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LARRY WAYNE CANTRELL,

        Plaintiff,

v.                               CIVIL ACTION NO.  2:14-cv-17419

JIM RUBENSTEIN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

     On June 3, 2014, Plaintiff Larry Wayne Cantrell filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2.) As Plaintiff proceeds pro se, this action was referred to United States Magistrate Dwane L. Tinsley for pretrial proceedings. After a period of discovery, Defendants Jim Rubenstein, David Ballard, John Frame, Daniel Hahn, Mark Plumley, Richard Miller, John Embrescia, and Jason Rhodes (collectively "Defendants") moved for summary judgment. (ECF No. 96.) On August 23, 2016, Magistrate Judge Tinsley submitted proposed findings and a recommendation ("PF&R") in which he recommends that the Court grant the Motion for Summary Judgment with respect to the supervisory liability claim against Defendants Rubenstein and Hahn, and the failure to intervene claim against Defendant Miller concerning Plaintiff's confinement in the restraint chair. As to the remaining claims against Defendants Frame and Miller, and all claims against Defendants Plumley, Embrescia, Rhodes, and Ballard, the Magistrate Judge recommends that the Motion for Summary Judgment be denied.[1]

---

[1] The PF&R's concluding paragraph that sets forth a summary of the Magistrate Judge's recommendations

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Defendant's right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on September 9, 2016. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R (ECF No. 105) and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment (ECF No. 96). With respect to the supervisory liability claims against Defendants Rubenstein and Hahn, and the bystander liability claim against Defendant Miller, the Motion for Summary Judgment is **GRANTED**. With

---

is inconsistent with the substantive recommendations found within the body of that decision. (ECF No. 105 at 55.) Specifically, the Magistrate Judge appears to mistakenly identify the claims that he recommends should proceed against Defendants Hahn and Frame. The Magistrate Judge indicates in summary that the supervisory liability claim should be dismissed as to Defendants Rubenstein and Hahn, and does not mention the supervisory liability claim against Defendant Frame. He contradicts himself by then recommending that the "remaining claims" against Defendant Frame should go forward, without mention of the excessive force claims that remain against Defendant Hahn. In the body of the PF&R, it appears that the Magistrate Judge recommends that summary judgment be denied as to the supervisory liability claim against Defendant Frame. (*See* ECF No. 105 at 51 (finding that Defendants Ballard and Frame are not entitled to judgment as a matter of law on Plaintiff's supervisory liability claims).) The Court will assume that the Magistrate Judge intended the summary paragraph to reflect the individual findings set forth in the PF&R. Therefore, the Court will treat this inconsistency in the concluding paragraph as a typographical error and will find that the supervisory liability claim against Defendant Frame, as well as all remaining claims against Defendant Hahn, should proceed.

respect to the remaining claims against Defendants Miller and Hahn, and to all the claims against Defendants Plumley, Embrescia, Rhodes, Ballard, and Frame, the Motion for Summary Judgment is **DENIED**. The Court **ORDERS** that Defendant Rubenstein be **DISMISSED** as a party to this action.

The Court further **ORDERS** that a telephonic status conference shall be held in this case on **Friday, October 21, 2016 at 9:30 a.m**. The call-in information for the call is as follows: dial 703-724-3100, then dial 4002661# to be placed on hold pending the start of the call.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    September 29, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE